John F. McManus and Helen McManus v. Commissioner.
McManus v. Commissioner
Docket No. 92853.
United States Tax Court
T.C. Memo 1964-43; 1964 Tax Ct. Memo LEXIS 291; 23 T.C.M. (CCH) 245; T.C.M. (RIA) 64043; February 26, 1964
James B. Muldoon, 10 State St., Boston, Mass., for the petitioners. Harold C. Arcaro, Jr., for the respondent. RAUM
Memorandum Opinion RAUM, Judge: Respondent determined a deficiency in income tax in the amount of $675.00 for the year 1959. The sole issue is whether petitioners are entitled to exclude from gross income as a gift a portion of the amounts received by John F. McManus from the Benz Kid Company during the year 1959. All of the facts have been stipulated. John F. McManus and Helen McManus, *292 husband and wife, filed a joint income tax return for the year 1959 with the district director of internal revenue for the district of Massachusetts. John F. McManus will hereinafter be referred to as the petitioner. On January 1, 1959 petitioner had been the sales manager of Benz Kid Company for approximately twenty-seven years and, under an oral or implied contract, was receiving a salary of $25,000 per year payable in monthly amounts of $2,083.33. On February 13, 1959, he was advised by two of the officers of the company that changes were being made to make it a "young organization", that his services were no longer required, and that his position as sales manager was being taken over by the son of the president. Although the company had no formal, written pension or profit-sharing plan for executive personnel, a former sales manager had been paid $5,000 when his employment was terminated in the late 1920's after twenty years service. During the period from February 13, 1959 to April 23, 1959, petitioner had a number of conversations with officers and directors of the corporation. He argued that he was entitled to a pension or "some other settlement of that sort" because of the *293 services he had rendered as sales manager for many years at a salary lower than he could have received elsewhere and promises made to him by officers of the company during those years that he "would be taken care of". When asked what he wanted, he replied: "As a basis of settling this thing, I want my salary for the rest of 1959 and half salary for life, no matter how long that may be." The company offered to pay him his salary to July 1, 1959. On April 17, 1959, its president advised him that its board of directors had agreed that "six months salary is the best they can do for you". Petitioner asked that the offer be reconsidered and threatened to bring legal action. On April 23, 1959, he was informed that the offer was final. Petitioner then decided to litigate the controversy. In June 1959 and May 1960 he filed three suits for damages against the company and its officers on various grounds including an allegation that he was wrongfully discharged as a result of an intentional breach of contract which caused damage to his reputation and earning capacity and loss of his ability to earn a living. The three cases were tried simultaneously before an auditor in the Essex County Superior *294 Court of Massachusetts, and on April 16, 1962 stipulations were filed in each case that "It is hereby agreed that the following entry be made in the above action: 'Judgment for the plaintiff on all counts of the declaration in the sum of one dollar, without costs and Judgment satisfied.'" During the trial Edward M. Winslow, the treasurer and general manager of the Benz Kid Company, made the statement that "any further compensation paid to Mr. McManus by the Benz Kid Company after he left the employ of the Company could be considered as a gift from the Company". During the year 1959 petitioner received from the Benz Kid Company four salary checks for the months of January, February, March and April dated January 29, 1959, February 27, 1959, March 25, 1959, and April 24, 1959. Attached to the 1959 Federal income tax return of petitioners was a Form W-2 furnished to the petitioner by the Benz Kid Company. That company filed a similar Form W-2 with the Internal Revenue Service. The following amounts were listed thereon: Total FICA Wages paid in 1959
$4,800.00
FICA employee tax withheld, if any
120.00
Total wages paid in 1959
8,333.32
Federal Income Tax withheld
1,380.00
Massachusetts Income Tax withheld
184.00
*295 In their joint Federal income tax return for the year 1959, petitioners reported wages received by John F. McManus from the Benz Kid Company in the amount of $8,333.32, and deducted therefrom the amount of $5,288.45, claiming that the amount deducted constituted a nontaxable gift and that the remaining $3,044.87 was attributable to petitioner's employment from January 1, 1959 to February 13, 1959, the date when he was advised that his services were no longer required. Respondent determined that the total amount of $8,333.32 constituted taxable income to petitioners. Section 61(a) of the Internal Revenue Code of 1954 provides that "gross income means all income from whatever source derived" and includes "compensation for services, including fees, commissions, and similar items". However, Section 102(a) provides that gross income does not include the value of property acquired by "gift". Whether the payments before us constitute a "gift" within the meaning of these provisions must be determined in the light of the controlling criteria set forth in Commissioner v. Duberstein, 363 U.S. 278. We summarized those criteria in Max Kralstein, 38 T.C. 810, *296 as follows (p. 817): Recently in Commissioner v. Duberstein, 363 U.S. 278, the Supreme Court discussed and restated the applicable principles to be applied in determining whether or not a specific transfer to a taxpayer in fact amounts to a gift to him within the meaning of the statute. Quoting with approval language in the dissenting opinion of the earlier case of Bogardus v. Commissioner, 302 U.S. 34, 43, the Court indicated that "what controls is the intention with which payment, however voluntary, has been made." Commissioner v. Duberstein, supra at 286. If the transfer proceeds from a "detached and disinterested generosity," "out of affection, respect, admiration, charity or like impulses," it is a gift in the statutory sense. If, on the other hand, the transfer proceeds primarily from "the constraining force of any moral or legal duty," or from "the incentive of anticipated benefit of an economic nature," it is not a gift. Commissioner v. Duberstein, supra at 285. Applying these principles to the facts surrounding the payments made to petitioner by the Benz Kid Company after he was informed that his services were terminated *297 as of February 13, 1959, we think it quite apparent that they were not intended to be gifts. His negotiations with officers of the company after that date had as their objective the receipt of something in the nature of a pension. He told them he wanted his salary for the remainder of 1959 and half of his salary for life. Although the company had no pension plan for its executive personnel, there is no evidence that any of its representatives ever denied that something was due him by reason of his dismissal after a long period of service. It offered to pay him his salary to July 1, 1959 and sent him salary checks for the months of February, March and April. It discontinued sending such checks only when petitioner indicated that its fiscal offer was not acceptable to him and took steps to litigate the matter. It reduced the amount of each check by withholdings for employee's Federal income and state income taxes and social security taxes. [1] It sent both petitioner and the Internal Revenue Service a Form W-2 reporting total wages paid to petitioner in 1959, before withholdings, to be $8,333.32, and undoubtedly deducted this amount as compensation paid in its 1959 return. This, and other *298 evidence, convinces us that the company considered and intended the entire amount of $8,333.32 to be compensation for services rendered in 1959 or in prior years. In reaching this conclusion, we have not overlooked the fact, stressed by petitioners, that the treasurer and general manager of the company stated in the adversary state court proceedings that any "compensation received" by petitioner after he left the employ of the company could be considered as a gift from the company. The evidence does not contain all of the testimony of that officer in those proceedings. Inasmuch, however, as it appears that petitioner was there claiming that the company was liable for damages for breach of contract it may reasonably be assumed that the statement relied upon was merely a layman's characterization of the payments as not resting upon a contractual obligation. In any event, that statement does not alter *299 our conclusion that the payments made to petitioner after his employment terminated, even though voluntary, were in recognition of, or in payment for, past services, and were not motivated by "affection, respect, admiration, charity or like impulses". Commissioner v. Duberstein, supra.Respondent did not err in determining that the $8,333.32 received by petitioner from the Benz Kid Company in 1959 was includable in his taxable income. Decision will be entered for the respondent. Footnotes
1. There would be no justification for these withholdings if the payments were gifts. Yet there is no evidence that petitioner objected to such withholdings, and his failure to object would indicate that he considered the payments in the nature of compensation rather than gifts.↩